Green, J.
delivered the opinion of the court.
The defendant was convicted in the circuit court of Warren county, of an assault and battery, with intent to ravish Mary‘Douglass, and was sentenced to suffer death.
The first count in the indictment, charges, that the defendant “did make an assault, and her the said Mary Douglass, then and there, violently and against her will, feloniously did ravish and carnally know.”
The second count charges, that the negro slave Grandison, “did make an assault on her, the said Mary Douglass, then and there did beat, wound and ill-treat, with intent, her the said Mary Douglass violently and against her will, then and there feloniously to ravish, and carnally know.”
This indictment is framed under the act of 1833, ch. 75, sec. 1, and the act of 1835, ch. 19, sec. 10. (Caruthers & Nicholson’s Comp. Stat. 683.) The act of 1833, provides, that “if any negro or mulatto, whether bond or free, shall make an assault upon a white woman, with intent to commit a rape, and use violence to her person, such negro or mulatto, for such offence, shall suffer death by hanging.
The act of 1835, provides, that “any slave or slaves, who shall commit an assault and battery upon any free white person, with an intent to commit murder in the first degree, or a rape upon a free white woman, shall on conviction, be punished with death by hanging.”
Both these acts make the offence of an assault and battery, with *452 intent to commit a rape by a negro, capital, only on the ground, that such person so assaulted, with such intent, shall be a “white woman.” Such ah act committed upon a black woman, would not be punished with death. It follows, therefore, most clearly, that this fact, which gives to the offence its enormity, and on account of which, the punishment of death is inflicted, must be charged in the indictment, and proved on the trial.
But' this indictment contains no such charge. It alleges, that the assault and battery was made upon Mary Douglass, with intent to ravish the said Mary Douglass.
Now, whether Mary Douglass be black or white, bond or free, the indictment does not disclose, and of course the court cannot know. The name imports nothing, and if it did furnish some slight ground to suppose that a female named Mary Douglass 'might be a free white woman, most clearly it could not be any ground for omitting th& express allegation, of this material fact in the indictment.
As to the point suggested by defendant’s counsel, that these acts, making the offence of an assault and battery upon a white woman, With intent to ravish her, by a negro, capital, does not, by the expression woman, include the case of an infant under ten years, we deem it unnecessary to decide, as the judgment must be arrested upon the ground just mentioned.
It may be proper to remark, that the caption to this record is wholly défective. It does not state where the court was holden, or that á grand jury, of good and lawful men; was em’pannelled. To presume that the court was holden at McMinnville, and that a grand jury was regularly empannelled, is going farther than any case has ever gone; and farther than we can go, consistently with that regúlárity and strictness which is required in criminal proceedings.
. Lét thé judgmént bé Reversed and arrested, and let the prisoner be rema'nded to thé jail of Warren county to be pro'cééded against as the law directs.